G. H. A. KUNST, JUDGE,
concurring in part, dissenting in part.
I concur with Judge Bland in his opinion that there be no award granted in this case because I am of the opinion that this court had no jurisdiction of the case.
This claim arose out of the care or treatment of Bobby L. Coger, an inmate of the West Virginia children’s home, a state institution, under the control and jurisdiction of the state board of control, respondent herein. By reason of the alleged negli *102 gence of its officers, employees and servants in not rendering to him the care or treatment which its duty under the circumstances, as custodian of such inmate who had not yet reached the age of discretion, legally required of it, but, on the contrary, this ward of the state while in said institution was exposed to a dangerous instrumentality, a spinner, not properly guarded and concerning which he had not been sufficiently warned and instructed as to its dangerous character and by which his arm was torn off and for which injury and suffering, an award of $10,000.00 is asked against said respondent.
The third provision of sec. 14, art. 2 of ch. 39 of the Acts of the West Virginia Legislature for the year 1945 says:
“The jurisdiction of the court of claims shall not extend to any claim . . . Arising out of the care or treatment of a person in a state institution.”
Care is delinied as “a relative term and of broad comprehension, meaning responsibility: charge or oversight: watchful regard and attention.” Courts have said that the distinction of different degrees of care “is unscientific and impracticable, as the law furnishes no definition of these terms that can be applied in practice.” 9 C. J. 1287 and 1288.
Treat is defined: “to conduct one’s self in a certain manner with respect to; use; as, ‘to treat a horse cruelly.’ ” Treatment is defined as the act or manner of treating in any sense. “I speak this with an eye to those cruel treatments which men of all sides are apt to give the characters of those who do not agree with them. Addison-Spectator No. 243, Century Dictionary. (Italics ours).
Failure to bestow upon a person in a state institution the degree of care which the situation demands constitutes treatment out of which a claim may arise.
The phrase, care or treatment, has received judicial interpretation in an English case: “Care or treatment of any lunatic.” (Italics ours).
*103 "The parents of a lunatic who resides with them under their care are persons ‘having the care or charge’ of a lunatic within the meaning of 16 & 17 Vict. C 96 S 9 and may be convicted under that section for ill-treating such lunatic." Buchanan and Another, Appellants v. Hardy, Respondent. Vol. 18, Q. B. D. pp. 486 and 487. (Italics ours).
Lord Coloridge C. J.: "I am of opinion that this conviction must be affirmed. The justices have found that the appellants did ill-treat the lunatic, who was their daughter and under their care, it had been argued that, notwithstanding those findings, the persons charged with ill-treating this lunatic are not liable under 16 & 17 Vict. c. 96. S. 9, because they are the parents of the lunatic. That section enacts that if 'any person detaining or taking or having (he care or charge, or concerned or taking part in the custody care or treatment of any lunatic or person alleged to be a lunatic, in any way abuse, ill-treat, or wilfully neglect such lunatic or alleged lunatic, he shall be guilty of a misdemeanor.’ ” Id. (Italics ours) .
The care or treatment of a person in a state institution out of which a claim could arise is that degree of care or treatment which constitutes actionable negligence.
"Judge Cooley in his work on Torts, defines actionable negligence as ‘the failure to observe, for the protection of the interests of another person, that degree of care, precaution and vigilance which the circumstances justly demand, whereby such other person suffers injury,’ and this definition has been adopted or quoted with approval in a large number of cases and characterized as the best definition." 45 C. I. 631 and cases cited.
No plea to the jurisdiction was filed herein by the attorney general, representing respondent, and this provision of the court act was overlooked and not considered by Lhc court undl after the case had been heard, and no conclusion was reached. The other members of the court were of opinion that the case having been heard on its merits a decision should be made thereon and opinions written.
*104 If I am correct in my opinion, no award should be made and no opinions be rendered on the merits of this claim without having first determined the question of jurisdiction.
“Objection for want of jurisdiction of the subject matter may be taken by demurrer, or motion, or in any way whereby the subject may be brought to the court’s attention, and if npt brought to the attention of the trial court, may be noticed by the appellate court of its own motion for the first time.” Thacker v. Hubbard & Appleby. 122 Va. 379; 94 S. E. 929; 21 A. L. R. 414n.
A motion to dismiss because the subject matter is not within the jurisdiction of the court is rightly entertained by the court.
"When it appears that the court has no jursdiction over the subject matter of the suit, it will take notice of the defect, whether objection is made or not, and will dismiss or stay the proceedings ex mero motu, and it is its duty to do so.” . . . 12 Enc. of Pleading & Practice, 190.
It should be the duty of the court to carry out the intention and policy of the Legislature. Since the language of this statute is plan and unambiguous, there is no occasion for construction. Every technical rule, as to construction and force of particular terms, must yield to a clear expression of legislative will. The intention of the Legislature is clearly expressed in the clear unambiguous statement of the statute, which enactment could be stated: The jurisdiction of this court does not extend to a claim arising out of actionable negligence to a person in a state institution.